IN the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable Frank T. CRIVELLO, Circuit Court Judge.

Supreme Court

*No. 97–1744–J. Filed July 1, 1997.*

(Also reported in 564 N.W.2d 785.)

GESKE, J., took no part.

¶ 1. PER CURIAM. The Judicial Commission of Wisconsin commenced this proceeding by filing a complaint with the court June 10, 1997 alleging that the Honorable Frank T. Crivello, circuit judge for Milwaukee county, engaged in judicial misconduct, defined in Wis. Stat. § 757.81(4)(a) as "a wilful viola-

tion of a rule of the code of judicial ethics," by battering his wife and causing her bodily harm, thus violating former SCR 60.13[1] proscribing a judge's "gross personal misconduct." With the complaint there was filed a stipulation of the Judicial Commission and Judge Crivello in which the judge admitted the judicial misconduct allegations of the complaint, acknowledged that he has no defense to those allegations, and agreed that the court might impose an appropriate sanction upon consideration of the admitted allegations and the matters set forth in the stipulation in respect to mitigation. The parties expressly waived referral of this matter for the appointment of a judicial conduct panel under Wis. Stat. § 757.87(1) and (3)[2] for a hearing and submission of its findings of fact, conclusions of law and

---

[1] The court replaced the Code of Judicial Ethics with the Code of Judicial Conduct, effective January 1, 1997. Because it occurred in 1996, Judge Crivello's conduct is covered by the earlier Code.

[2] Sec. 757.87 provides, in pertinent part:

**Request for jury; panel., (1)** After the commission has found probable cause that a judge or court commissioner has engaged in misconduct or has a permanent disability, and before the commission files a formal complaint or a petition under s. 757.85(5), the commission may, by a majority of its total membership not disqualified from voting, request a jury hearing. If a jury is not requested, the matter shall be heard by a panel constituted under sub. (3). The vote of each member on the question of a jury request shall be recorded and shall be available for public inspection under s. 19.35 after the formal complaint or the petition is filed.

. . .

**(3)** A judicial conduct and permanent disability panel shall consist of 3 court of appeals judges or 2 court of appeals judges and one reserve judge. Each judge may be selected from any court of appeals district including the potential selection of all judges from the same district. The chief judge of the court of appeals shall select the judges and designate which shall be presiding judge.

a recommendation regarding appropriate discipline to be imposed for the misconduct.

¶ 2.   The complaint and stipulation filed in this proceeding make a hearing unnecessary and, as the parties have waived the hearing provided in the statutory procedure, we exercise our discretion to consider this matter on the pleading and papers filed, without first obtaining findings, conclusions and a recommendation of a judicial conduct panel. Having considered the allegations set forth in the complaint, Judge Crivello's admission of them, and the parties' stipulation of facts that may be considered in mitigation of the discipline to be imposed, we determine that Judge Crivello's misconduct warrants a reprimand.

¶ 3.   Judge Crivello has served as judge of the circuit court for Milwaukee county since 1984 and has not been the subject of a prior disciplinary proceeding. His current term of office will expire July 31, 1997. After the conduct considered in this proceeding had occurred, he ran for reelection to that position and was defeated.

¶ 4.   The misconduct charged and admitted was an incident that occurred in the late evening of January 7, 1996, when the police responded to an emergency telephone call from Judge Crivello's wife at their residence. After observing cuts, abrasions and bruises on Ms. Crivello's face and head, the police spoke with Judge Crivello and observed that he recently had been consuming alcohol. Following their investigation at the scene, they placed Judge Crivello under arrest for domestic violence/battery. Judge Crivello subsequently was charged in a criminal complaint in circuit court with battery—causing bodily harm to his wife by an act done with intent to cause bodily harm, contrary to Wis. Stat. § 940.19(1), a Class A misdemeanor.

¶ 5. In determining appropriate discipline to impose for Judge Crivello's misconduct, we consider the purpose of judicial discipline—"to protect the court system and the public it serves from unacceptable judicial behavior." *In re Disciplinary Proceedings Against Gorenstein*, 147 Wis. 2d 861, 873, 434 N.W.2d 603 (1988). To accomplish that purpose, we have disciplined judges for misconduct that "has demonstrated that [the judge] lacks the fitness to serve in our courts as a judge," *Gorenstein, supra*, 874, and for misconduct that "can potentially have serious impact on the public trust and confidence in the judicial system," *In re Disciplinary Proceedings Against Dreyfus*, 182 Wis. 2d 121, 130, 513 N.W.2d 604 (1994).

¶ 6. The matter before us here involves a single incident of a judge's purely personal, but for that no less opprobrious, conduct. It did not involve Judge Crivello's use of his judicial office. Nonetheless, he stipulated that there is clear and convincing evidence he violated the battery statute and that by battering his wife he engaged in gross personal misconduct.

¶ 7. In their stipulation, the parties agreed that under the circumstances and in view of Judge Crivello's admissions and his efforts to atone for his misconduct, an appropriate disciplinary sanction for it would be a public reprimand. The parties stipulated that since the misconduct, Judge Crivello "has taken significant steps to rectify the situation which gave rise to the event in question and has engaged in marital counseling and has also participated in appropriate recovery programs. . .and. . .has engaged in community outreach programs with the Milwaukee Women's Center." While we are in no way bound by the parties' agreement on what constitutes appropriate discipline

to impose for Judge Crivello's misconduct, we do not ignore the factors on which they base that agreement.

¶ 8. It is our independent determination on our review of the record that Judge Crivello be reprimanded for his misconduct established in this proceeding. We recognize that Judge Crivello has well and ably served the judicial system and its administration, including, as the record shows, many years of service to the court's Office of Judicial Education and the Wisconsin Judicial College, on the faculty of the National Judicial College, and on numerous Supreme Court and judicial administrative district committees. Under all of the circumstances presented, a reprimand is the appropriate disciplinary response.

¶ 9. IT IS ORDERED that the Honorable Frank T. Crivello is reprimanded for judicial misconduct.

JANINE P. GESKE, J., did not participate.